STATE BANK v. DODE SMITH.

[FILED APRIL 30, 1890.]

1. **Banks**: DEPOSITS: MISTAKE. One A. S. on September 25, 1886, drew a check for $340.25 on a bank, which check was duly paid, but by mistake charged to the account of D. S. Soon afterwards the mistake was discovered, and, to correct it, D. S. was credited with the sum named. On October 2 thereafter D. S. deposited $250 in the bank, and about that time received his bank book posted up to date. On the 5th of October of the same year he appeared at the bank and stated to the cashier, who had been absent, that a mistake had been made in not giving him credit for the sum claimed. The cashier thereupon, without a full investigation, gave the defendant in error credit on his bank book for the sum stated. The entry was afterwards erased. In an action by D. S. against the bank he testified to making the deposit named, and also to the deposit of $250, and also from what source the latter sum had been received, but failed to show from whence he received the money in dispute. The bank employes having testified that no deposit was made by the defendant in error, as stated by him, and explaining the mistake above set forth, it devolved on the defendant in error, in view of the fact that from his previous deposit account with the bank it did not appear that he had been in the habit of depositing on any day so much money as the aggregate of the sums named, to show from whence he derived the money in dispute he claimed to have deposited, the aggregate being an unusual deposit.

2. **Review.**   Where a verdict is against the clear weight of evidence it will be set aside.

ERROR to the district court for Saline county.   Tried below before MORRIS, J.

*Abbott & Abbott*, and *Dawes & Foss*, for plaintiff in error.

*Hastings & McGintie, contra.*

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error to recover the sum of $345, which he claims to have deposited in the plaintiff in error's bank on the 2d day of October, 1886.   On the trial of the cause a verdict was returned in his favor, upon which judgment was rendered.

The sole question presented is, whether or not the verdict is against the clear weight of the evidence?   The testimony tends to show that on the 25th of September, 1886, one A. Smith, who seems to have had an account with the bank, drew a check thereon for $340.25, which was duly paid, but by mistake was charged to Dode Smith.   This mistake was soon thereafter discovered and corrected by giving the defendant in error credit for the sum stated. On the 2d day of October, 1886, he (Dode Smith) deposited in the bank the sum of $250, and about that time his bank book was posted up to date and delivered to him. On the morning of the 5th of October, 1886, he went into the bank at the time it opened in the morning and stated to the cashier, who, it seems, had been absent at Wilber attending court for several days, that a mistake had been made in not giving him credit for a deposit of $345 that he had made on the 2d instant, and the cashier, being about to leave for Wilber, entered on his (Smith's) book credit for $340.25.   This was afterwards erased by one of the

clerks in the bank, and the original book with the erasure is now before us.

The defendant in error testifies that he made two deposits on the 2d of October, one of $345 and one for $250. On behalf of the bank the employes testify that defendant in error made but one deposit on the day named and that was for the sum of $250; they also testify in substance that he made no deposit of $345 on the day or about the time stated, and that had he done so and credit not been given it would have been discovered after banking hours on striking a balance for the day, and that no discrepancy exceeding ten cents had existed on October 2, 1886, or for several days thereafter. The cashier also testifies, in substance, that on the morning of the 5th of October he was about to go to Wilber to attend court and being in the bank soon after the same was opened in the morning the defendant in error stated to him that he had not received credit for the deposit in question, and that thereupon, without a full investigation of the case, and not being aware that the defendant in error had already been credited on the books of the bank with the sum stated, he entered the credit on his (Smith's) bank book. This testimony, if true, shows the entry to have been a mistake, and that the defendant in error in fact made no deposit of $345 at that time. In this state of the proof it would seem to be indispensable for the defendant in error to show that he actually had the money on hand to deposit. He was engaged in the blacksmithing and agricultural implement business and could have had but little difficulty in pointing out from whom he had received it. His deposit account for some time, both before and after October 2, 1886, is now before us, and it appears therefrom that at no other time had he deposited as large an amount on any day as the aggregate of the sums named.

It is shown that the $250 was received for rent of certain real estate of the defendant in error, but there is no attempt to prove from whence the $345 was derived or

from what persons.   In a case of this kind the proof, if it exist, is within the reach of the defendant in error and it devolves upon him to produce it.   In other words, the sums which he claims to have deposited on that day being greatly in excess of any previous deposit, apparently much beyond the receipts in his business, he should prove, not merely by his own oath, but by the testimony of those persons, or some of them, paying him money about that time, the fact of such payment and the amount thereof.

It is said that the evidence being conflicting the court will not enter into an investigation to determine the truth of the matter; in other words, weigh the statements of the witnesses.   This is true as a general rule, but it does not apply when it is plain from the evidence that the court or jury has made a mistake in the findings of fact.   The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.